UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURIE HOBSON,<br>       Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a South Dakota corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation, dba FREDDIE MAC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; AND DOES 1-10 as individuals or entities with an interest in the property commonly known as:<br><br>3945 S. Oak Brook Way, Boise, Idaho 83706<br><br>       Defendant. | Case No. 1:11-cv-00196-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. 8). Having reviewed the Motion and Plaintiffs' response, the Court has determined that the Motion is suitable for disposition without oral argument. For the reasons set forth below, the Court will grant Wells Fargo's motion for summary judgment.

## BACKGROUND

This case involves the validity of a non-judicial foreclosure sale of a property located in Boise, Idaho. Plaintiff Laurie Hobson claims that Wells Fargo did not have the authority to foreclose on the property, and she brings an action to quiet title on the property.

Hobson obtained a home mortgage loan on March 26, 2007 in favor of Suntrust Mortgage, Inc for $149,000. *Howell Aff.*, Ex. A, Dkt. 8-3. On that same day, Hobson signed a promissory note and a deed of trust against the property, securing the note. The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. ("MERS) as the beneficiary. *Id.*

In *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011), the Ninth Circuit described "how MERS works":

> MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the "beneficial interest" in home loans, as well as any changes in loan servicers. After a borrower takes out a home loan, the original lender may sell all or a portion of its beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is entitled to repayment of the loan.

*Id.* at 1038-39. The loan servicer collects payments from the borrower, sends the payments to the owner of the beneficial interest (or lender, for simplicity), and handles any administrative aspects of the loan. *Id.* at 1039. The various companies that participate in the mortgage industry, such as those originating loans, buying or investing in the beneficial interest, or servicing loans, become members of MERS and pay a fee to use the tracking system. *Id.*

As the process of recording the promissory note and the deed of trust became more cumbersome because of the increased trading of bundled mortgages as mortgage-backed securities, mortgage-industry companies began to rely more and more on MERS in order to avoid the need to record multiple transfers of the deed. *Id.* MERS serves as the nominal record holder of the deed on behalf of the original lender and any subsequent lender. *Id.*

When the loan is originated, the deed of trust designates MERS as the "nominee" for the lender and the lender's successors and assigns, and as the deed's "beneficiary," which holds legal title to the security interest. *Id.* If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is not recorded in the county records but only in the MERS database. If it is sold to a non-MERS member, it is recorded in county records and no longer tracked in the MERS system.

In this case, MERS executed an Assignment of Deed of Trust on December 14, 2010, assigning the Deed of Trust, together with the Note, to Wells Fargo. *Howell Aff.* at Ex. B. Wells Fargo then appointed Northwest Trustee Services, Inc. ("Northwest Trustee") as the successor trustee under the Deed of Trust. *Id.* at Ex. C. The Assignment of Deed of Trust and the Appointment of Successor Trustee were recorded in Ada County records on December 21, 2010. *Id.* ¶¶ 3, 4.

When Wells Fargo obtained the note, it commenced foreclosure proceedings against the Property because Hobson had previously defaulted in July 2010. A notice of default was recorded on December 21, 2010, and, a trustee's sale was completed on May 12, 2011. *Id.* at Ex. E. At the sale, Wells Fargo submitted a credit bid in the amount of

$149,000. *Stenman Aff.* ¶ 6, Dkt. 8-2. After the trustee's sale, Wells Fargo assigned the bid and interest in the property to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). *Id.* ¶ 7. On May 16, 2011, a Trustee's Deed conveying the property to Freddie Mac was issued, and on May 17, 2011, the Trustee's Deed was recorded.

Now Hobson claims that MERS did not have the authority to assign the Deed of Trust, and therefore Wells Fargo did not have the authority to conduct a non-judicial foreclosure of the property. Hobson also asserts that Wells Fargo's assignment of the credit bid to Freddie Mac after the credit bid was made and accepted violates Idaho non-judicial foreclosure laws, as well as the statute of frauds because there is no writing evidencing the assignment. In filing this action, Hobson asks the Court to determine "who or what entity has a valid, legal claim to the beneficial interest in the Deed of Trust," and to that end, Hobson demands that the true owner produce the original note in court. *Pl.'s Response Br.* at 2, Dkt. 14.

## LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel.*

*Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

## ANALYSIS

Hobson's Complaint includes only a claim for quiet title. In Idaho, "[a] mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray,* 73 Idaho 232, 249 P.2d 814, 817 (Idaho 1952) (internal quotation marks omitted). The Complaint contains no assertion that Plaintiffs tendered payment of their debt obligation. Accordingly, this deficiency alone requires dismissal of Hobson's Complaint. But even the issues Hobson raises with the foreclosure process do not invalidate the sale.

**1. The "Show Me the Note" Theory**

Hobson claims a question exists regarding true owner of the note, and therefore the true owner must produce a copy. The Idaho Supreme Court recently issued a decision in *Trotter v. Bank of New York Mellon*, --- P.3d ----, 2012 WL 206004 (Idaho 2012) that bears on Hobson's arguments. In *Trotter*, the plaintiff claimed that the bank could not foreclose until it provided a document showing how it became the beneficiary on the deed of trust, or whether it owned the plaintiff's loan. *Id.* The Idaho Supreme Court rejected this argument, holding that "pursuant to I.C. § 45-1505 [Idaho Deed of Trust Act], a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings." *Id.* The court reasoned that because nonjudicial foreclosure is "the express-lane alternative to foreclosure in the judicial system," a party seeking to foreclose must only meet the requirements set forth in the Idaho Deed of Trust Act – nothing more. *Id.*

In the Court's view the *Trotter* decision decimates Hobson's argument that Wells Fargo has some obligation to produce the note to prove its beneficial interest. According to *Trotter*, Wells Fargo only had to show before foreclosing that (1) the trust deed, any assignments of the trust deed, and any appointment of a successor trustee were recorded in county records, (2) the plaintiff defaulted on the loan, (3) the notice of default was recorded and formal notice was given to the parties specified in Section 45-1506, and (4) no other action had been instituted to recover the debt secured by the trust deed. Hobson does not allege that Wells Fargo failed to meet any of these requirements, and Wells Fargo, according to *Trotter*, did not have to produce the note and/or that it owned the note before foreclosing.

**2.     MERS's Right to Assign Its Interest in the Deed Of Trust**

Hobson acknowledges that the Deed of Trust names MERS as the Beneficiary, but alleges that MERS holds only legal title with no economic or beneficial interest and, thus, is not a legitimate beneficiary under the Idaho Trust Deed Act. As a result, Hobson claims, MERS lacked the power to assign all beneficial interest under the Deed of Trust to Wells Fargo, and therefore Wells Fargo had no power to appoint Northwest Trustee Services as successor trustee to foreclose on Hobson's house.

The Idaho Deed of Trust Act defines a beneficiary as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest, and who shall not be the trustee." I.C. § 45-1502 . Hobson cites *Ralph v. Met Life*, Mindoka County District Court, Case No. CV 2010-0200 (Aug. 10, 2011) to support her argument that MERS is essentially a sham beneficiary. In *Ralph*,

the district court in Mindoka County held that the lender, not MERS, was the real beneficiary because MERS held only legal title, and therefore MERS did not have the authority to transfer the beneficial interest.

The Court, however, remains unconvinced. The conclusion that MERS did not have authority to assign the Deed of Trust directly contradicts the trust deed language. Not only did the Deed of Trust designate MERS as the beneficiary, but it also designated MERS as the nominee. As the nominee, MERS acts as the agent of the lender. *See, e.g., James v. Recontrust Co.* 2011 WL 3841558, *7 (D.Or. August 26, 2011). The Deed of Trust gave MERS sweeping authority to act as an agent on the lender's behalf, including "the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." *Deed of Trust* at 3, Ex. A to Howell Aff., Dkt. 8-3 at 8.

Moreover, Wells Fargo cites two Idaho state court cases holding that MERS has the authority to assign a beneficial interest in a deed of trust. *See Edwards v. Mortgage Electronic Registration Systems, Inc. et al.*, Kootenai County District Court, Case No. CV-10-2745 (Nov. 6, 2010) and *Trotter v. Bank of New York Mellon, et al.,* Kootenai County District Court, Case No. CV-10-95, slip op. (July 2, 2010). The court in *Edwards* held that MERS was the beneficiary under Idaho Code § 45-1502, it had the authority to assign its beneficiary interest to the foreclosing bank, and the bank had the right to appoint a successor trustee vested with the same powers as the original trustee, including the power of sale on default. *Id.* Likewise, the trial court in *Trotter* held that MERS was

the beneficiary under the deed of trust and had the authority to assign its rights to the subsequent lender that could appoint a successor trustee. *Trotter*, slip op. at 7-9.

The Idaho Supreme Court, as discussed above, recently affirmed the trial court's decision in *Trotter* but declined to decide this precise issue because the plaintiff failed to cite any controlling authority or any language in the deed of trust proving MERS had not been designated as the beneficiary. Although the *Trotter* court did not directly decide the issue of MERS's authority, the Court believes the Idaho Supreme Court would conclude in this case that MERS had authority to assign a beneficial interest in the Deed of Trust to Wells Fargo. Like the plaintiff in *Trotter*, Hobson has failed to cite any controlling authority to the contrary, or point to any language in the Deed of Trust undermining the designation of MERS as the beneficiary. The Court therefore finds that MERS had the authority to assign its beneficial interest in the Deed of Trust to Wells Fargo. Accordingly, Wells Fargo had the power to appoint Northwest Trustee as the successor trustee with all powers of the original trustee, including the power of sale.

3.  **Validity of Credit Bid Assignment to Freddie Mac**

Hobson also challenges Wells Fargo's assignment of the credit bid to Freddie Mac after the non-judicial foreclosure sale. She argues that Idaho's Deed of Trust statute requires that all assignments be recorded prior to a foreclosure sale, and nothing in Idaho law allows a purchaser to assign its credit bid to another entity prior to the issuance of the trustee's deed. This assignment to Freddie Mac, however, does not invalidate the foreclosure sale.

Idaho Codes § 45-1505 contemplates that pre-foreclosure trust deed assignments be recorded prior to sale. Nothing in the statute, however, prohibits Wells Fargo from assigning its interest after successfully making a credit bid on the property. And nothing in the statute requires that an assignment of a credit bid be recorded *after* a foreclosure sale. The Court therefore finds the post-sale assignment was valid.

But even if the assignment caused some irregularity in the credit bid, "the sale is final once the trustee accepts the bid as payment in full unless there are issues surrounding the notice of the sale (which are admittedly not present in this case)." *Spencer v. Jameson*, 211 P.3d 106, 113 (Idaho 2009). Therefore, Hobson no longer had any interest in the property after the bid was accepted and has no standing to object to the assignment. *Id.*

## 4. Conclusion

The Court concludes that Hobson cannot proceed with her quiet title action because she has not alleged that she has paid the debt or tendered payment for the debt. The Court further concludes that MERS is both a named and legitimate beneficiary in the Deed of Trust with the power to assign its interest. Therefore, any claim that the successor trustee lacked authority to foreclose fails. Nor does Wells Fargo's assignment of the credit bid to Freddie Mac invalidate the foreclosure. In sum, the Court concludes that Freddie Mac is the rightful owner of the property and is entitled to possession. *See* I.C. § 45-1506(11).

# ORDER

**IT IS ORDERED that** Defendant Wells Fargo's Motion for Summary Judgment N.A.'s Motion for Summary Judgment (Dkt. 8) is GRANTED.

DATED: February 15, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court